IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FREDDY L. FLONNORY, | : | |
| Petitioner, | : | |
| v. | : | C.A. No. 17-434-LPS |
| DAVID PIERCE, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : | |
| Respondents. | : | |

**MEMORANDUM**

## I. BACKGROUND

In 1998, a Delaware Superior Court jury convicted Petitioner Freddy L. Flonnory of two counts of first degree murder, three counts of possession of a firearm during the commission of a crime, attempted first degree murder, first degree conspiracy, and possession of a deadly weapon by a person prohibited. *See Flonnory v. Phelps*, 2010 WL 3023657, at *2 (D. Del. July 30, 2010). The Superior Court sentenced him to death for each of the murder convictions. *Id.* On direct appeal, the Delaware Supreme Court reversed Petitioner's convictions and sentences. *See Flonnory v. State*, 778 A.2d 1044 (Del. 2001). Following a new jury trial in February 2004, Petitioner was convicted on all charges. *See Flonnory*, 2010 WL 3023657, at *2. At sentencing, the Superior Court judge found that the mitigating factors outweighed the aggravating factors and sentenced Petitioner to life in prison for both of the first degree murder convictions; a third term of life imprisonment for the attempted murder conviction; and a total of sixty years incarceration for the remaining convictions. *Id.* The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *See Flonnory v. State*, 893 A.2d 507 (Del. 2006).

In 2008, Petitioner filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2004 convictions. The Honorable Joseph J. Farnan, Jr., denied the Petition in July 2010 after determining that two claims were not cognizable on federal habeas review and the other seven claims lacked merit. *See Flonnory*, 2010 WL 3023657, at *4-15.

Presently pending before the Court is Petitioner's new Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") challenging his 2004 convictions. (D.I. 1) The Petition asserts the following grounds for relief:[1] (1) ineffective assistance of counsel; (2) the trial court abused its discretion and violated 11 Del. Code. Ann. § 3507 by admitting the hearsay statements of Joy Watson and Akhee Flonnory; and (3) Petitioner's sentence is illegal. (D.I. 1)

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2244(b), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

---

[1] Although the form Petition actually sets out four separate claims, the claim identified as "Claim Three" asserts that Petitioner has newly discovered evidence supporting the § 3507 argument in Claim Two, and asks the Court to stay the proceeding to enable him to present the evidence to the Superior Court. (D.I. 1 at 8) Given the repetitive nature of the substantive assertions contained in Claims Two and Three, the Court views "Claim Three" as Petitioner's justification for filing a second or successive habeas petition.

2

## III. DISCUSSION

Petitioner's first § 2254 Petition, which challenged the same 2004 convictions challenged in the instant Petition, was denied on the merits. All three Claims in the instant Petition had also been in his first Petition. To the extent Petitioner asserts that he has newly developed facts concerning the statements provided by Joy Watson and Akhee Flonnory during his trial (D.I. 1 at 8), the Third Circuit must determine if such evidence warrants authorizing Petitioner to file a second habeas petition. Notably, Petitioner does not allege, and nothing in the record indicates, that the Third Circuit Court of Appeals authorized the filing of the pending Petition. Accordingly, the Court will dismiss the Petition for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

## IV. CONCLUSION

For the reason set forth above, the Court will summarily dismiss the instant Petition for lack of jurisdiction. Given this determination, the Court will dismiss as moot Petitioner's Motion to Stay (D.I. 3) and his Motions to Amend (D.I. 4; D.I. 5). The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: November 9, 2017

UNITED STATES DISTRICT JUDGE

3